**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2371-14T2

OBADIAH NEELY,

    Appellant,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS,

    Respondent.

_____

Submitted April 3, 2017 — Decided  April 12, 2017

Before Judges Sabatino and Currier.

On appeal from the New Jersey Department of Corrections.

Obadiah Neely, appellant pro se.

Christopher S. Porrino, Attorney General, attorney for respondent (Lisa A. Puglisi, Assistant Attorney General, of counsel; Gregory R. Bueno, Deputy Attorney General, on the brief).

PER CURIAM

    Obadiah Neely, a State prisoner, appeals the December 30,

2014 final agency decision of the Department of Corrections (the

"Department") upholding the confiscation of certain items from his prison cell. For the reasons that follow, we affirm.

The record reflects that a search of appellant's cell on August 20, 2014 revealed several items, including what are referred to as "ice chips" and nearly 600 postage stamps. The prison staff confiscated the items as improper gambling paraphernalia. In addition, the number of postage stamps possessed by appellant far exceeded the forty maximum stamps allowed under the prison's rules and regulations.

The Department charged appellant with disciplinary infractions under N.J.A.C. 10A:4-4.1. Specifically, defendant was charged with prohibited acts .603 (possession of gambling paraphernalia) and .709 (failure to comply with a written prison rule or regulation). The charges were expanded to include prohibited act .207 (possession of money or currency exceeding $50 without authorization). Appellant pled guilty to the disciplinary charges, as modified, and the hearing officer imposed sanctions. He administratively appealed the sanctions imposed using leniency, and that appeal was denied on September 17, 2014.[1]

Thereafter, appellant requested the return of the ice chips and the postage stamps. In the Department's final agency decision,

---

[1] Appellant did not appeal the disciplinary sanctions to this court.

the Associate Administrator declined to return the ice chips, since several of them had the names of other inmates on them and appeared to be gambling gains. The Associate Administrator also rejected appellant's request to return the stamps to him because they likewise appeared to be gambling gains. However, the Associate Administrator did direct that forty stamps, i.e. the maximum allowed under the prison's rules and regulations, be returned to appellant.

In his brief, appellant contends that the Department's confiscation of the items and the refusal to return them to him was unauthorized, arbitrary, and capricious. We disagree.

It is well established that the Department has "broad discretionary powers" to promulgate regulations aimed at maintaining security and order inside correctional facilities. Jenkins v. Fauver, 108 N.J. 239, 252 (1987). We have also recognized that "[p]risons are dangerous places, and the courts must afford appropriate deference and flexibility to administrators trying to manage this volatile environment." Russo v. N.J. Dept. of Corr., 324 N.J. Super. 576, 584 (App. Div. 1999).

Among other things, the Department has the authority to disallow gambling within the prisons. Moreover, the Department has the discretion to require confiscation of contraband as a sanction for a proven or admitted disciplinary violation. N.J.A.C.

10A:4-5.1(g)(6). That discretionary authority nullifies the option to have confiscated items sent to an inmate's family members or friends under N.J.A.C. 10A:3-6.3(b).

We discern no abuse of discretion, nor any arbitrary or capricious action, by the Department in this confiscation matter, particularly since appellant acknowledged his violation of prison regulations. His arguments lack sufficient merit to warrant any further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2371-14T2